SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Shana A. Elberg
Evan A. Hill
Edward P. Mahaney-Walter
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* <br><br> **STEARNS HOLDINGS, LLC,** *et al.***,** <br><br> 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067 <br><br>                  Debtor. | **Chapter 11** <br><br> Case No. 19-12226 (___) <br><br> Tax I.D. No. 45-1008219 |
| *In re* <br><br> **STEARNS CO-ISSUER INC.** <br><br> 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067 <br><br>                  Debtor. | **Chapter 11** <br><br> Case No. 19-12230 (___) <br><br> Tax I.D. No. 47-2057096 |
| *In re* <br><br> **STEARNS LENDING, LLC,** <br><br> 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067 <br><br>                  Debtor. | **Chapter 11** <br><br> Case No. 19-12229 (___) <br><br> Tax I.D. No. 33-0051773 |

| | |
|---|---|
| *In re* <br><br> **STEARNS VENTURES, LLC,** <br><br> 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067 <br><br> Debtor. | **Chapter 11** <br><br> Case No. 19-12231 (___) <br><br> Tax I.D. No. 45-3682386 |
| *In re* <br><br> **PROTOS ACQUISITION LLC,** <br><br> 345 Park Avenue, New York, NY 10154 <br><br> Debtor. | **Chapter 11** <br><br> Case No. 19-12225 (___) <br><br> Tax I.D. No. 47-4644941 |
| *In re* <br><br> **bSNAP, LLC,** <br><br> 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067 <br><br> Debtor. | **Chapter 11** <br><br> Case No. 19-12227 (___) <br><br> Tax I.D. No. 82-2082498 |
| *In re* <br><br> **PRIVATE MORTGAGE ADVISORS, LLC,** <br><br> 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067 <br><br> Debtor. | **Chapter 11** <br><br> Case No. 19-12228 (___) <br><br> Tax I.D. No. 20-0013136 |

# MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Stearns Holdings, LLC and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") the Court for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") providing for the joint administration of the Debtors' separate Chapter 11 Cases (defined below) for procedural purposes only and (ii) granting related relief.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of Stephen Smith, President and Chief Financial Officer of Stearns Lending, LLC in Support of Chapter 11 Petitions and Various First Day Applications and Motions* (the "First Day Declaration"), filed with the Court concurrently herewith.  In further support of this Motion, the Debtors, by and through their undersigned proposed counsel, respectfully represent as follows:

## Jurisdiction & Venue

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334(b), and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.).  This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 1015(b).

**Background**

4. On the date hereof (the "Petition Date"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered.

5. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6. No creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee (the "United States Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7. Additional factual background information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the Chapter 11 Cases, is set forth in detail in the First Day Declaration.

**Relief Requested**

8. By this Motion, the Debtors respectfully seek entry of the Proposed Order, under Bankruptcy Rule 1015(b) jointly administering the Chapter 11 Cases for procedural purposes only.

9. In furtherance of the foregoing, the Debtors request the official caption to be used by all parties in all papers in the jointly administered cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **STEARNS HOLDINGS, LLC,** *et al.*, | **Case No. 19-12226 (\_\_\_\_)** |
| Debtors.[1] | **(Jointly Administered)** |

10. In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Chapter 11 Cases (except that of Stearns Holdings, LLC) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Stearns Holdings, LLC, Case No. 19-12226 (\_\_\_); Stearns Co-Issuer Inc., Case No. 19-12230 (\_\_\_); Stearns Lending, LLC, Case No. 19-12229 (\_\_\_); Stearns Ventures, LLC, Case No. 19-12231 (\_\_\_); Protos Acquisition LLC, Case No. 19-12225 (\_\_\_); bSNAP, LLC, Case No. 19-12227 (\_\_\_); and Private Mortgage Advisors, LLC, Case No. 19-12228 (\_\_\_). The docket for Stearns Holdings, LLC, Case No. 19-12226 (\_\_\_), should be consulted for all matters affecting these cases.

11. The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee, by consolidating the information required for

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are: Stearns Holdings, LLC (8219); Stearns Co-Issuer Inc. (7096); Stearns Lending, LLC (1773); Stearns Ventures, LLC (2386); Protos Acquisition LLC (4941); bSNAP, LLC (2498); and Private Mortgage Advisors, LLC (7493). The address of Protos Acquisition LLC is 345 Park Avenue, New York, NY 10154. The address of the other Debtors is c/o Stearns Lending, LLC, 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067.

5

each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

**Basis for Relief**

12.     Bankruptcy Rule 1015(b) provides that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.

13.     The Debtors are "affiliates" as defined in Bankruptcy Code section 101(2). Protos Acquisition LLC owns 69.87% percent of Stearns Holdings, LLC. Stearns Holdings, LLC wholly owns Stearns Co-Issuer Inc. and Stearns Lending, LLC. Stearns Lending, LLC wholly owns Stearns Ventures, LLC and bSNAP, LLC. Stearns Ventures, LLC wholly owns Private Mortgage Advisors, LLC.

14.     Joint administration will permit use of a single docket and remove redundant notices to parties in interest. Indeed, the Debtors anticipate that almost all of the filings in these cases will relate to all of the Debtors. It will also simplify procedures, lead to uniformity in case captions, and remove redundant filings in multiple dockets. Joint administration will help the United States Trustee and all parties in interest by removing the need to monitor or file notices of appearance in multiple cases. Also, joint administration will be for procedural purposes only and therefore not adversely affect any party in interest.

15.     Accordingly, for the foregoing reasons, and as supported by the First Day Declaration, joint administration is warranted to save time and money, increase efficiency, reduce confusion, and ease administrative burdens for the Court and for all parties.

16.     Courts in this district routinely approve this relief. *See, e.g., In re Cenveo, Inc.,* No. 18-22178 (RDD) (Bankr. S.D.N.Y. Mar. 8, 2018); *In re Glob. A&T Elecs. Ltd.*, No. 17-23931 (RDD) (Bankr. S.D.N.Y. Feb. 5, 2018); *In re 21st Century Oncology Holdings, Inc.,* No.

17-22770 (RDD) (Bankr. S.D.N.Y. May 26, 2017); *In re BCBG Max Azria Glob. Holdings, LLC*, No. 17-10466 (SCC) (Bankr. S.D.N.Y. Mar. 2, 2017); *In re Avaya Inc.,* No. 17-10089 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2017).[2]

17.     The Debtors also seek authority to file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g. receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report. The Debtors submit that consolidating such information would further administrative economy and efficiency in these Chapter 11 Cases without prejudice to any party in interest, as the monthly operating reports would accurately reflect the Debtors' business operations and financial affairs. The Debtors request that the requirement to file monthly operating reports terminate upon entry of an order confirming a plan in these Chapter 11 Cases (the date on which such order is entered, the "Confirmation Date"), such that the Debtors will not be required to file any monthly operating reports that become due after the Confirmation Date, including any monthly operating reports covering a period occurring before the Confirmation Date.

18.     Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g., In re Synergy Pharmaceuticals, Inc.,* Case No. 18-14010 (JLG) (Bankr. S.D.N.Y. Dec. 14, 2018); *In re Sears Holding Corp.,* Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 16, 2018); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2017); *In re Atlas Res.*

---

[2]  Because of the voluminous nature of the order cited herein, they are not attached to this Motion, but are available on request.

*Partners, L.P.*, Case No. 16-12149 (SHL) (Bankr. S.D.N.Y. Aug. 1, 2016); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Apr. 25, 2016).[3]

## Notice

19.     Notice of this Motion shall be given to (a) the United States Trustee, (b) the Debtors' 30 largest unsecured creditors, (c) the Debtors' five largest secured creditors, (d) counsel to the indenture trustee for the Debtors' senior secured notes, (e) counsel to Pacific Investment Management Company LLC, Hogan Lovells US LLP, 1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067 (Attn: Bennett L. Spiegel and Stacey Rosenberg), (f) counsel to Blackstone Capital Partners VI-NQ/NF L.P., Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017 (Attn: Elisha Graff and Jamie Fell), (g) counsel to Barclays Bank PLC, Hunton Andrews Kurth LLP, 200 Park Avenue, New York, NY 10166 (Attn: Peter S. Partee, Sr., Brian Clarke), (h) co-counsel to Nomura Corporate Funding Americas LLC, Milbank LLP, 55 Hudson Yards, New York, NY 10001 (Attn: Mark Shinderman and Lauren C. Doyle) and Alston & Bird LLP, 90 Park Avenue, New York, NY 10016 (Attn: Karen Gelernt), (i) counsel to Fannie Mae, O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071 (Attn: Stephen H. Warren), (j) counsel to Freddie Mac, McKool Smith, P.C., 600 Travis Street, Suite 7000, Houston, TX 77002 (Attn: Paul D. Moak), and One Bryant Park, 47th Floor, New York, NY 10036 (Attn: Kyle A. Lonergan), (k) counsel to Ginnie Mae, 451 7th Street SW, Room 9250, Washington, DC 20410 (Attn: Lisa Mulrain and Lynne Chandler) and Director, Monitoring & Asset Management to Ginnie Mae, 425 3rd Street SW, Suite 500, Washington, DC 20024 (Attn: Rene Mondonedo) and (l) all parties required by Rule 9013-1(b)

---

[3]   Because of the voluminous nature of the orders cited herein, they are not attached to this Motion, but are available on request.

of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"). The Debtors submit that no other or further notice is required.

## No Prior Request

20.    No prior request for the relief sought herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

**Conclusion**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form attached, granting the relief sought and such other relief as may be just and proper.

Dated:  New York, New York
        July 9, 2019

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Jay M. Goffman*
Jay M. Goffman
Mark A. McDermott
Shana A. Elberg
Evan A. Hill
Edward P. Mahaney-Walter
4 Times Square
New York, New York 10036
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Proposed Counsel for Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

19-12225 Doc 2 Filed 07/09/19 Entered 07/09/19 01:56:24 Main Document Pg 11 of 16

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* **STEARNS HOLDINGS, LLC,** *et al.*, 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067  Debtor. | **Chapter 11** Case No. 19-12226 (___) Tax I.D. No. 45-1008219 |
| *In re* **STEARNS CO-ISSUER INC.** 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067  Debtor. | **Chapter 11** Case No. 19-12230 (___) Tax I.D. No. 47-2057096 |
| *In re* **STEARNS LENDING, LLC,** 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067  Debtor. | **Chapter 11** Case No. 19-12229 (___) Tax I.D. No. 33-0051773 |
| *In re* **STEARNS VENTURES, LLC,** 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067  Debtor. | **Chapter 11** Case No. 19-12231 (___) Tax I.D. No. 45-3682386 |

| | |
|---|---|
| *In re* <br><br> **PROTOS ACQUISITION LLC,** <br><br> 345 Park Avenue, New York, NY 10154 <br><br> Debtor. | **Chapter 11** <br><br> Case No. 19-12225 (___) <br><br> Tax I.D. No. 47-4644941 |
| *In re* <br><br> **bSNAP, LLC,** <br><br> 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067 <br> Debtor. | **Chapter 11** <br><br> Case No. 19-12227 (___) <br><br> Tax I.D. No. 82-2082498 |
| *In re* <br><br> **PRIVATE MORTGAGE ADVISORS, LLC,** <br><br> 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067 <br> Debtor. | **Chapter 11** <br><br> Case No. 19-12228 (___) <br><br> Tax I.D. No. 20-0013136 |

### ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the Debtors for an order (i) directing joint administration of their Chapter 11 Cases for procedural purposes only and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; due and sufficient notice of the Motion having been given under the circumstances; it appearing that the relief requested is in the best interests of the Debtors, their estates, and all

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

parties in interest; after due deliberation; and good and sufficient cause appearing therefor; it is hereby,

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Chapter 11 Cases will be jointly administered under Stearns Holdings, LLC, Case No. 19-12226 (___).

3. The jointly administered cases shall use the following caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **STEARNS HOLDINGS, LLC,** *et al.*, | **Case No. 19-12226 (____)** |
| **Debtors.**[1] | **(Jointly Administered)** |

4. The above caption shall be deemed to satisfy the captioning requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n).

---

[1] The Debtors and the last four digits of their taxpayer identification numbers are: Stearns Holdings, LLC (8219); Stearns Co-Issuer Inc. (7096); Stearns Lending, LLC (1773); Stearns Ventures, LLC (2386); Protos Acquisition LLC (4941); bSNAP, LLC (2498); and Private Mortgage Advisors, LLC (7493). The address of Protos Acquisition LLC is 345 Park Avenue, New York, NY 10154. The address of the other Debtors is c/o Stearns Lending, LLC, 750 East Highway, 121 Bypass, Suite 150, Lewisville, TX 75067.

3

5. A docket entry shall be made in each of the Chapter 11 Cases (except that of Stearns Holdings, LLC) substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: Stearns Holdings, LLC, Case No. 19-12226 (___); Stearns Co-Issuer Inc., Case No. 19-12230 (___); Stearns Lending, LLC, Case No. 19-12229 (___); Stearns Ventures, LLC, Case No. 19-12231 (___), Protos Acquisition LLC, Case No. 19-12225 (___); bSNAP, LLC, Case No. 19-12227 (___); and Private Mortgage Advisors, LLC, Case No. 19-12228 (___). The docket for Stearns Holdings, LLC, Case No. 19-12226 (___), should be consulted for all matters affecting these cases.

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

7. The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the United States Trustee, by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g., receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York
_____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE